Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON, JOHNSON & SCHALLER, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:    541/484-0882
        Attorneys for Plaintiffs

Nancy Hogshead-Makar, Pro Hac Vice Pending
Hogshead3Au@live.com
HOGSHEAD ENTERPRISES
3116 St. Johns Avenue
Jacksonville, FL 32205-9105
Phone: 904/680-7784
        Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CARLI FAWCETT, NATALIE BRANCH, CARRIE MOORE, ELSPETH KATHRINE ELIZABETH CHARNO, MIRANDA MARTIN, LAURA POLKINGHORN, KYRA FARR, ANNIE JOLLIFF, CLARA SIMS, ALLISON DAVIES, JULIA DI SIMONE, and HANNAH PUCKETT,** | **Case No.  6:16-cv-1594** |
| Plaintiffs, | **CLASS ACTION ALLEGATION COMPLAINT** |
| vs. | **Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88** |
| **WILLAMETTE UNIVERSITY,** | |
| Defendant. | |

## PRELIMINARY STATEMENT

Plaintiffs bring this Complaint against defendants and in support state:

1.

Student-athletes bring this class action against Willamette University to challenge its failure to provide equitable athletic opportunities for its female students and equitable treatment of female student athletes, including its announced elimination of a viable sports team, rowing. Willamette's actions have caused harm to plaintiffs and constitute intentional discrimination based on sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88 ("Title IX").

2.

Title IX requires educational institutions receiving federal funds to provide equal opportunity and equal treatment without regard to gender. Willamette has failed to provide its female students with an equal opportunity to participate in athletics. Specifically, Willamette has failed to satisfy any of the following measures of compliance with Title IX's mandate to provide equal opportunity:

      (a)     providing female student athletes with athletic opportunities at a rate that is "substantially proportionate" to their undergraduate full-time enrollment rate; or

      (b)     demonstrating a "history and continuing practice of program expansion responsive to the interests and abilities of the sex that has been historically underrepresented"; or

      (c)     showing that the interests and abilities of the historically underrepresented sex have been fully and effectively accommodated.

3.

Plaintiffs seek immediate reinstatement of the women's rowing teams as well as additional judicial remedies to ensure defendant's compliance with Title IX.

## JURISDICTION AND VENUE

4.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3), (4).

5.

Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201 and 2202.

6.

Venue is proper pursuant to 28 U.S.C. § 1391(b), as all of the claims arose in Marion County, Oregon.

## PARTIES

7.

Plaintiff Carli Fawcett is a full-time student and varsity rowing athlete at Willamette and a resident of Rancho Santa Margarita, California.

8.

Plaintiff Natalie Branch is a full-time student and varsity rowing athlete at Willamette and a resident of Sunnyvale, California.

9.

Plaintiff Carrie Moore is a full-time student and varsity rowing athlete at Willamette and a resident of Walla Walla, Washington.

10.

Plaintiff Elspeth Charno is a full-time student and varsity rowing athlete at Willamette and a resident of Salem, Oregon.

11.

Plaintiff Miranda Martin is a full-time student and varsity rowing athlete at Willamette and a resident of Saint Louis, Missouri.

12.

Plaintiff Laura Polkinghorn is a full-time student and varsity rowing athlete at Willamette and a resident of Camino, California.

13.

Plaintiff Kyra Farr is a full-time student and varsity rowing athlete at Willamette and a resident of Bellevue, Washington.

14.

Plaintiff Annie Jolliff is a full-time student and varsity rowing athlete at Willamette and a resident of Chico, California.

15.

Plaintiff Clara Sims is a full-time student and varsity rowing athlete at Willamette and a resident of Los Lunas, New Mexico.

16.

Plaintiff Allison Davies is a full-time student and varsity rowing athlete at Willamette and a resident of Vista, California.

17.

Plaintiff Julia Di Simone is a full-time student and varsity rowing athlete at Willamette and a resident of Livermore, California.

18.

Plaintiff Hannah Puckett is a full-time student and varsity rowing athlete at Willamette and a resident of Davis, California.

19.

Willamette University ("Willamette") is a domestic nonprofit corporation operating a private university in Salem, Oregon.

20.

Willamette receives federal financial assistance.

## CLASS ACTION ALLEGATIONS

21.

The individual student plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 (b)(2) on behalf of themselves and on behalf of a class consisting of all present and future Willamette female students, including currently enrolled students, students admitted for the 2016-2017 academic year, and prospective students, who participate, seek to participate, or have been deterred or prevented from participating in or obtaining the benefits of intercollegiate athletics sponsored by Willamette.

22.

All class members are aggrieved persons under federal civil rights law as a result of Willamette's actions, policies, and practices. The named individual student plaintiffs seek declaratory and injunctive relief on behalf of themselves and all class members to prevent defendant from engaging in future unlawful conduct and to rectify the effects of present and past discrimination.

23.

This matter is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(2) in that:

(a)     The class members are so numerous as to make joinder of all of them impracticable. Based on information and belief, the number of athletic opportunities allotted to female students is not substantially proportionate to the number of female students in the 1988-person full-time student body, which is 57.2 percent female. All female students at Willamette face unlawful barriers to intercollegiate athletic participation and unequal treatment by their school's athletics program. Furthermore, Willamette's decision to eliminate a viable women's varsity team directly harms the members of the team, as well as all future Willamette students who might have had the interest and ability to participate at the varsity level on the disbanded team.

(b)     There are questions of law and fact common to the class members. These common questions of law and fact predominate over any particular questions concerning individual class members. The common questions include defendant's compliance with Title IX as well as common facts involving Willamette's athletics programs and the school's treatment of its female athletes.

(c)     The claims of the named individual student plaintiffs, which involve claims of unequal athletic opportunities and treatment, are typical of the claims of the proposed class members.

(d)     The named student plaintiffs will fairly and adequately protect the interests of the class members. Their attorneys have many years of experience in Title IX actions, class actions, and women's rights litigation.

(e)     Defendant has acted on grounds generally applicable to the class, thereby

making final declaratory and injunctive relief appropriate with respect to the class as a

whole.

## STATEMENT OF FACTS

**Athletics at Willamette**

24.

Defendant has failed to provide equal athletic opportunities for women and has provided

more opportunities and better opportunities for male athletes than for female athletes.

25.

For each and every year from 2006 to 2016, defendant Willamette has failed to provide

substantially equal opportunities for its female students. According to Willamette's own

published reports, the number of female athletes is only about 17 percent of the full-time

undergraduate female population, while male athletes make up about 28 percent of the male

undergraduate population.

26.

Upon information and belief, Willamette's full-time undergraduate enrollment during the

2015-16 academic year is 1988. Women comprise over 57 percent of the full-time undergraduate

student body, but they account for only about 40 percent of student-athletes.

27.

The percentage of female athletes during the 2015 – 2016 academic year is not

substantially proportionate to the percentage of full-time female students.

28.

Defendant Willamette lacks a continuing history and ongoing practice of expanding

athletic opportunities for its female students. In fact, defendant has cut a viable team and has not added a single team for women in at least 22 years.

29.

Defendant Willamette's intercollegiate athletic program does not fully and effectively accommodate the interests and abilities of its women students. All of the named plaintiffs and other women whom they seek to represent in this action would like to be participating in varsity rowing and have the ability to form a viable team, but are being denied the opportunity.

30.

Defendant's athletic program does not provide equal treatment for female and male athletes. Defendant has failed to give its female athletes substantially equal treatment in coaching and training, equipment and supplies, publicity, promotional materials and events, transportation, uniforms, playing fields, locker rooms, and other facilities.

**Cuts in Women's Team**

31.

Despite its continuing failure to provide substantially equal participation opportunities to its female student body, on May 31, 2016, defendant Willamette publicly announced that it had decided to cut the women's varsity rowing team. The cut was to take effect immediately.

32.

The women's rowing team is a viable, competitive team. It was started in 2000 and has flourished.

33.

By cutting the women's rowing team, Willamette is cutting opportunities for 24 women to participate in intercollegiate athletics.

34.

The cut will increase the already substantial disparity between full-time female undergraduates and female athletic opportunities at Willamette.

**Impact on Student-Athletes**

35.

The plaintiff student-athletes include seven sophomores, four juniors, and one senior. Each of the plaintiff student-athletes now attends Willamette University and are members of the varsity rowing team that the University has discontinued. All of the plaintiff student-athletes elected to attend or continue attending Willamette in whole or in part because Willamette offered them the opportunity to compete in intercollegiate rowing.

36.

Many of the plaintiffs regard their athletic achievements at Willamette as integral to their academic success. They have also found that the structure that has been provided to them as student athletes has been advantageous to their success outside of academics. Several sought the opportunity to play a varsity sport to enhance their career prospects. Losing the team will negatively affect their academics in addition to futures beyond Willamette.

37.

For several plaintiffs, rowing and the support system of teammates and coaches around it have enabled them to handle academic stress more successfully and to cope with family troubles, health issues, and other personal struggles.

38.

Ten of the plaintiff student-athletes played sports at the varsity level in high school, many with distinction.

39.

All of the plaintiff student-athletes will continue to be eligible to compete in their sport for anywhere from one to three more years. All would continue to row on the varsity team if it were reinstated.

40.

The majority of the plaintiffs have looked into transferring schools in light of the university's decision to cut the program. With the late announcement of the cut, students who consider transferring are disadvantaged by limited financial aid and general credit complications. Transferring would most likely incur financial harm to many, if not all, of the plaintiffs.

41.

Rowing is the only varsity sport at Willamette that allows non-experienced students to take part. Removal of the program therefore removes opportunities for all female students to participate in varsity athletics at the collegiate level.

42.

Willamette's rowing team is a member of the Northwest Conference. Once Willamette has been removed from the conference, there are too few teams in the conference to qualify for the "snap bid," which confers automatic admission to the NCAA championships. Willamette's decision therefore affects athletic opportunities for many other women athletes in the athletic conference.

43.

As a result of defendant's unlawful actions, plaintiffs and class members have suffered and will continue to suffer lost educational opportunities and benefits, including unequal

treatment in Willamette's athletic program and the loss of the opportunity to participate in women's rowing.

44.

Willamette's failure to provide equal opportunity and equal treatment for female students in its athletics program has also harmed female students who do not currently play sports, as well as prospective and incoming female students, by deterring them from participating in athletics and narrowing their athletic options.

## STATEMENT OF CLAIMS

### COUNT I: TITLE IX – EQUAL PARTICIPATION

Plaintiffs incorporate by reference paragraphs 1 through 44.

45.

Defendants have failed to meet any of the three criteria for compliance with Title IX's equal participation and effective accommodation requirement in violation of 20 U.S.C. § 1681 and 34 C.F.R. § 106.41(c)(1).

46.

The elimination of a viable women's team places defendant even further out of compliance with Title IX.

### COUNT II: TITLE IX – EQUAL TREATMENT

Plaintiffs incorporate by reference paragraphs 1 through 46.

47.

Defendant's failure to treat female athletes substantially equally with respect to equipment and supplies, publicity, promotional materials and events, transportation, uniforms,

facilities such as a boathouse, a storage unit and locker rooms violates Title IX's equal treatment requirements, 20 U.S.C. § 1681 and 34 C.F.R. § 106.41 (c)(2)-(10).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief:

(a)     Certify this action as a class action for declaratory and injunctive relief on behalf of all present and future Willamette female students, including currently enrolled students, students admitted for the 2016 – 2017 academic year, and prospective students, who participate, seek to participate, or have been deterred or prevented from participating in or obtaining the benefits of, intercollegiate athletics sponsored by Willamette;

(b)     Declare that defendant has engaged in a continuing pattern and practice of discrimination against women on the basis of sex in intercollegiate athletics in violation of Title IX and its applicable regulations, policy interpretation, and clarifications;

(c)     Issue a temporary restraining order and preliminary injunction ordering defendant not to eliminate the women's varsity rowing team, as a Willamette-sponsored intercollegiate team, to provide their team with funding, staffing, and other benefits commensurate with their status as an intercollegiate team, and prohibit defendant from eliminating any other Willamette-sponsored women's intercollegiate teams unless, both before and after the elimination, equality of opportunity for women has been achieved;

(d)     After a hearing on the merits, issue a final injunction ordering defendant not to eliminate women's rowing as a Willamette-sponsored intercollegiate team and to provide the team with funding, staffing, and other benefits commensurate with its status as an intercollegiate team; prohibiting defendant from eliminating any other Willamette-sponsored women's

intercollegiate teams unless, both before and after the elimination, equality of opportunity for women has been achieved; prohibiting defendant from retaliating in any manner against plaintiffs or class members for asserting their legal rights to equal opportunity and equal treatment; and prohibiting defendant from treating Willamette's female athletes in a gender-discriminatory manner;

(e)     Award plaintiffs their costs and expenses, including an award of reasonable attorneys' fees; and

(f)     Award such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of August, 2016.

**JOHNSON, JOHNSON & SCHALLER, PC**

By:     s/ *Jennifer J. Middleton*
Jennifer J. Middleton, OSB # 071510
jmiddleton@justicelawyers.com
JOHNSON, JOHNSON & SCHALLER, P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Telephone:     541/683-2506
Fax:     541/484-0882
          Attorneys for Plaintiffs

**HOGSHEAD ENTERPRISES**

By:     s/ *Nancy Hogshead-Makar*
Nancy Hogshead-Makar, Pro Hac Vice Pending
Hogshead3Au@live.com
HOGSHEAD ENTERPRISES
3116 St. Johns Avenue
Jacksonville, FL 32205-9105
Telephone:     904/680-7784
          Attorneys for Plaintiffs