IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARLI FAWCETT, NATALIE BRANCH, CARRIE MOORE, ELSPETH KATHRINE ELIZABETH CHARNO, MIRANDA MARTIN, LAURA POLKINGHORN, KYRA FARR, ANNIE JOLLIFF, CLARA SIMS, ALLISON DAVIES, JULIA DI SIMONE, and HANNAH PUCKETT, <br><br>Plaintiffs, <br><br>v. <br><br>WILLAMETTE UNIVERSITY, <br><br>Defendant. | Case No.: 6:16-cv-01594-MC <br><br>ORDER DENYING PRELIMINARY INJUNCTION |

MCSHANE, Judge:

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) pursuant to Fed. R. Civ. P. 65. For the reasons stated on the record during oral arguments on the Motion on September 7, 2016, the Court DENIES Plaintiffs' Motion.

On August 23, 2016, this Court held a hearing on the initially filed Motion for Temporary Restraining Order and Preliminary Injunction. This Court then issued an Opinion and Order denying the Motion for Temporary Restraining Order on August 24, 2016. ECF No. 28. In that Opinion, the Court laid out the facts as presented in support of, and in response to, that motion. ECF No. 29 at 2–4. The Court also addressed the standards governing motions for temporary restraining orders and preliminary injunctions, and briefly assessed the merits of this

case. *Id.* 4–6. After denying the Motion for Temporary Restraining Order, the Court ordered the parties to conduct expedited discovery. The Court invited the parties to put on testimony regarding the facts giving rise to Defendant Willamette University's choice to disband the women's rowing team, and whether viable alternative facilities were or are available to support the team.

After hearing testimony from a number of witnesses and the arguments of counsel regarding the positions of the parties, the Court found that the facts did not clearly favor Plaintiffs' request for a mandatory preliminary injunction reinstating the team, ordering Willamette to temporarily engage with third-parties to support the team, ordering Willamette to find and secure new facilities when there is no certainty that viable facilities are currently available or in existence, and ordering Willamette to reinstate a coaching staff. While Plaintiffs are likely to succeed on the merits regarding Title IX compliance, the balance of hardships do not tip in the rowing team's favor. It is not the court's role to manage Willamette's decisions that were based on legitimate safety concerns associated with proposed off-site facilities. The University proffered good faith reasons to decommission the team's boathouse due to the changing currents of the Willamette River and they had bona fide safety concerns regarding the river currents and transportation issues associated with other potential sites.

In accordance with the above as well as the Court's factual findings at oral argument, Plaintiffs' Motion for Preliminary Injunction, ECF No. 2, is DENIED.

IT IS SO ORDERED.

Dated this 8 day of September, 2016.

                                                                Michael J. McShane
                                                          United States District Judge