**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Meredith Holley**, OSB No. 125647
mholley@justicelawyers.com
Johnson, Johnson Lucas & Middleton, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Telephone: (541) 683-2506
Facsimile: (541) 484-0882

**Nancy Hogshead-Makar**, *Pro Hac Vice*
Hogshead3Au@live.com
Hogshead Enterprises
3116 St. Johns Avenue
Jacksonville, FL 32205-9105
Telephone: (904) 680-7784
        Attorneys for Plaintiffs

**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
**Richard C. Hunt**, OSB No. 680770
rhunt@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
        Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **CARLI FAWCETT, NATALIE BRANCH, CARRIE MOORE, ELSPETH KATHRINE ELIZABETH CHARNO, MIRANDA MARTIN, LAURA POLKINGHORN, KYRA FARR, ANNIE JOLLIFF, CLARA SIMS, ALLISON DAVIES, JULIA DI SIMONE, HANNAH PUCKETT, RACHAEL CHRISTMAN,** and **ELIZABETH CROWTHER** | CV 6:16-cv-1594-MC |
| | CONSENT DECREE |
| Plaintiffs, | |
| v. | |
| **WILLAMETTE UNIVERSITY,** | |
| Defendant. | |

## I. INTRODUCTION

On or about August 8, 2016 a lawsuit was filed in the United States District Court for the District of Oregon, Eugene Division asserting a violation of Title IX of the Education Amendments of 1972 in the form of a proposed class action complaint. The named plaintiffs were Carli Fawcett, Natalie Branch, Carrie Moore, Elspeth Kathrine Elizabeth Charno, Miranda Martin, Laura Polkinghorn, Kyra Farr, Annie Jolliff, Clara Sims, Allison Davies, Julia Di Simone, and Hannah Puckett and the defendant was Willamette University.

On or about December 12, 2016 a First Amended Class Action Allegation Complaint was filed by Carli Fawcett, Natalie Branch, Carrie Moore, Elspeth Kathrine Elizabeth Charno, Miranda Martin, Laura Polkinghorn, Kyra Farr, Annie Jolliff, Clara Sims, Allison Davies, Julia Di Simone, Hannah Puckett, Rachael Christman, and Elizabeth Crowther.

Plaintiffs seek to represent a class consisting of all present and prospective female Willamette students who participate, seek to participate, or have been deterred or prevented from participating in or benefitting from women's intercollegiate activities sponsored by Willamette University. Plaintiffs assert that defendant has failed to provide equal athletic opportunities for women and has provided more opportunities and better opportunities for male athletes than for female athletes.

Defendant has denied these allegations and has asserted that plaintiffs' claims are untimely to the extent they assert any claims arising more than two years prior to filing of the complaint, that its decision to discontinue women's rowing was motivated by a good faith evaluation of safety considerations and the lack of a feasible alternative, and that plaintiffs' damages, if any, are barred or diminished by reason of their failure to mitigate those damages. Defendant has denied the class allegations.

On or about August 8, 2016, plaintiffs moved for a temporary restraining order and preliminary injunction, which motions were denied by the court.

The court has not been presented with nor considered a motion to certify a class.

Plaintiffs and defendant have conferred in good faith and negotiated the terms of this proposed Consent Decree. Its purpose is to confirm or ensure defendant's compliance with Title IX's requirements related to athletics and to fully and finally settle the claims raised by plaintiffs against defendant. After reviewing the terms of this Consent Decree, the court finds them to be fair, just, reasonable, and consistent with federal law and the plaintiffs and defendant agree that entry of this Consent Decree, without further litigation, is in the public interest.

**ACCORDINGLY, THE COURT ORDERS, ADJUDGES, AND DECREES:**

**II. JURISDICTION AND VENUE**

This court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), (4) and 28 U.S.C. §§ 2201 and 2202.

Venue in the district of Oregon is proper pursuant to 28 U.S.C. § 1391(b).

**III. DURATION**

**A.      Duration**

The parties agree that this Consent Decree shall remain in force for five (5) years from the date it is entered by the court, subject to the court's consideration of a request for early termination or a request to extend.

**B.      Request for Early Termination**

Defendant, but not plaintiffs, may request early termination at any time after this Consent Decree has been in effect for one (1) year. Defendant shall provide plaintiffs all submissions on which it intends to rely at least 90 days before any hearing on the request and any party may

request a status conference with the court to discuss how the request will be handled. The court will consider the submissions of the parties and if the court determines that defendant is in compliance with the requirements of Title IX it will enter an order terminating this Consent Decree.

## C.  Request to Extend

After the expiration of 55 months following entry of this Consent Decree, the parties or either of them may ask the court to extend the decree for a period of no more than 24 months. If the court orders that the decree be extended, it will determine whether to permit further extensions.

## IV. COMMITMENTS OF THE PARTIES

### A.  Surveys and Monitoring of Interest

1.  Beginning in the 2017-18 academic year and for each year this decree is in effect, defendant shall administer a survey to admitted and enrolled students to determine their interests and abilities, which will allow students to provide information about their experience and current and former participation. Defendant will use its 2015 survey as a template to which it may add content or questions. If the Department of Education or other regulatory or legislative body introduces survey requirements, defendant will incorporate them. Defendant will administer the survey in connection with class registration in November. Defendant will provide its proposed survey documents and plan for administration to plaintiffs at least 45 days in advance of its administration.

2.  During the term of the Decree plaintiffs will not use the survey or any other mechanism to seek to reinstate rowing, nor will any plaintiff solicit or encourage any other person to do so.

3.      No survey will be used as the sole basis to drop a women's sport, but it may provide supporting information for a decision for which defendant has other relevant information.

4.      Defendant will provide plaintiffs statistics identifying the geographic locations from which it has recruited and admitted students, provided that defendant shall not be required to provide information in a way that would be contrary to the requirements of FERPA.

5.      Commencing with the 2017-2018 academic year, defendant will establish an on-line system for students, admitted students, coaches and administrators to communicate their interest in new sports or changes in existing sports at any time. The system will allow all users to see the responses of other users except to the extent that revealing any individual comment would violate FERPA.

6.      Defendant will provide results of the surveys to plaintiffs within 30 days of when they become available (or, if 30 days is not possible, as soon thereafter as reasonably feasible), and to the court and plaintiffs in connection with its annual report. Defendant will retain the underlying records for the duration of this Consent Decree. Defendant shall not be required to provide information in a way that would be contrary to the requirements of FERPA.

**B.      Maintenance of Existing Sports and Increased Participation**

1.      During the term of this Consent Decree, defendant shall not discontinue any presently offered women's varsity sport without seeking and receiving prior court approval. The court may impose conditions on any discontinuation, which defendant will follow.

2.      During the term of this Consent Decree, defendant will actively recruit to increase participation in women's golf, women's track and cross country, women's tennis, and any other women's sport that has available positions, provided that the roster size shall be reasonable.

3. Defendant will campaign to recruit new Willamette students and female varsity athletes from high schools for participation in sports it offers or plans to introduce.

4. During the term of this Consent Decree, defendant will not create additional men's varsity sports teams without first receiving court approval. The court may impose conditions or restrictions on any such request.

## C. Addition of Women's Sports

1. Defendant shall introduce women's lacrosse no later than the 2018-2019 academic year, with an initial year as a club sport. In the 2017-18 academic year, it will recruit and hire a head coach, additional staff if necessary, and will begin recruitment for the Fall 2018 class of athletes. The varsity team will compete beginning in Spring 2019. Defendant will advise the court of any impediments to meeting this schedule and the court will make such orders as it deems appropriate.

2. No later than Fall 2021, Willamette will begin women's triathlon as a women's sport. In the 2019-20 academic year, it will recruit and hire a head coach, additional staff if necessary, and begin recruitment for the Fall 2020 class of athletes. The team will begin intercollegiate competition beginning in Fall 2021.

## D. Defendant's Normal Competitive Region

Defendant will work collaboratively with the Northwest Conference and its member schools as well as non-conference schools within its normal competitive region to actively encourage the development of intercollegiate competition for new women's sports. Defendant's normal competitive region presently includes at least California, Oregon and Washington State. Defendant will make its competition travel schedules available to plaintiffs.

**E.    Equal Treatment**

1.    <u>Facilities:</u> Over the term of this Consent Decree, defendant will conduct an ongoing review of facilities and will remodel, upgrade, or add space or facilities where necessary to ensure substantial equity or in accordance with the court's orders. During the term of this decree, defendant will allow plaintiffs a reasonable opportunity to review any facilities plans for the athletic facilities.

2.    <u>Practice and Game Times:</u> Within the first year of this Consent Decree, defendant will create, review, or revise policies and procedures regarding scheduling of practice, location of practice, schedule of games, team travel, and per diem allowances to ensure substantial equality. Defendant will provide plaintiffs with its written policies and procedures and include a description of its work in its initial report to the court.

3.    <u>Publicity:</u> Defendant will conduct a comprehensive review of the sports publicity it sponsors for substantially equal treatment of female athletes and teams, including a review of all allegations of any specific, then-current disparate treatment identified by plaintiffs. It will take all necessary steps to ensure substantial equality of treatment in publicity, including the aggregate number and nature of sports photos in common areas and web casting of home and away games.

4.    <u>Further Equity Review:</u> Within the first two years of this Consent Decree, defendant will conduct a review of and make necessary revisions to its practices regarding equipment and supplies for athletes; tutoring, if any, for athletes; coaching for athletes; practice and competitive facilities for athletes; medical and training facilities and services for athletes; housing and dining facilities and services for athletes; support services for athletes; and recruitment of student-athletes. Defendant will provide a non-privileged report of its review to

plaintiffs. This may take the form of an in-person walk through with plaintiffs' representatives, demonstrating the process, results, and conclusions of the review, or a written report of its process, results, and conclusions, or both. Defendant will include a description of the results or conclusions of its review in its next-scheduled report to the court.

**F.    Individual Relief to Plaintiffs**

1.      Defendant will pay plaintiffs a total of $140,000 (one hundred forty thousand dollars) either as a fund administered by their attorneys for their use or, upon request by separate, proportionate shares to each plaintiff. This payment shall be made within 30 days of court approval of this Consent Decree.

2.      Defendant will move its presently-stored ergometers into the Sparks facility multipurpose room. Plaintiffs may reserve the room for group exercise for up to three 2-hour periods during a week while they are enrolled, but must at all times follow applicable policies and procedures required for reserving the room and using the facility.

3.      Defendant will recognize the rowing team at the 2018 athletic event and provide an award commensurate with the nature and quality of the recognition of four-year athletes, including a Pendleton blanket for each plaintiff.

4.      Within 30 days of the entry of this Consent Decree, defendant will provide plaintiffs with one of the rowing shells formerly used by the rowing team, to be selected by plaintiffs, together with oars and slings for that boat. Defendant will provide plaintiffs with the former rowing team's uniforms and work-out wear. Defendant will endeavor to sell all of the remaining boats and/or make insurance claims on the damaged boats and any proceeds will be transferred to an endowment for women's sports at Willamette. Defendant will include the amount and use of this endowment in its reports to the court.

## G.    Reasonable Attorney Fees

Defendant will pay plaintiffs' attorneys $165,000 (one hundred sixty-five thousand dollars). Defendant shall pay $50,000 (fifty thousand dollars) in addition, toward plaintiffs' reasonable attorney fees for continued monitoring, all hearings, and preparation therefore, and other proceedings over the life of the Consent Decree. These payments shall be made within 30 days of court approval of this Consent Decree.

## H.    Plaintiffs' Commitments to Defendant

Plaintiffs shall make a good faith effort to assist defendant with the recruitment of women athletes, including encouraging presently enrolled students to participate in sports presently offered by defendant and sports to be added by defendant and avoiding public criticism of defendant's women's athletic program.

The parties have negotiated a mutually-agreeable joint statement to be issued in connection with the signing of this Consent Decree. Within ten days of the signing of this Consent Decree, plaintiffs will add the jointly negotiated statement on the home page of each public website they maintain related to WU crew, prominently placed and sufficiently large to ensure it captures a reader's attention.

## V. ENFORCEMENT

## A.    Reports of Activity

Every year over the life of this Consent Decree, defendant shall prepare a report and submit it to the court providing detail of all of its actions undertaken during the previous year and planned for the upcoming year to effectuate the terms of this Consent Decree. Such reports will include, at a minimum, the most recent data on women's and men's participation in varsity intercollegiate athletics relative to their population at Willamette, the activities undertaken in the prior years to advance women's sports, the results of surveying and monitoring activities

pursuant to Section IV, and any other information requested by the court. These reports shall be public unless containing sensitive financial, medical, or otherwise confidential information, which then will be presented to the court subject to a protective order or in an otherwise confidential manner.

**B.      Monitoring**

Throughout the term of this Consent Decree, plaintiffs may request documents, information, and access reasonably necessary for enforcement and monitoring of the terms of this Consent Decree. Defendant will respond within 30 days unless not reasonably feasible, which may include objections, redaction of confidential information or protection of confidential information with a protective order, or a request for advance payment of the costs of production. The parties may request that the court review and decide any disputes they have.

**C.      Compliance Hearings**

In addition to the annual reporting identified in section V(A) and the right of the university to request early termination, either party may request a status hearing with the court, provided that no such hearing will be requested until after the second anniversary of the entry of the decree. The court may consider the submissions of the parties, Willamette's reports, and any other matter which the court, in its discretion, considers to be pertinent and may make such order(s) as it deems appropriate to ensure that, by the time this Consent Decree terminates, defendant is in compliance with Title IX's requirements regarding intercollegiate athletics.

**D.      Enforcement by the Parties**

In the event that either party believes that the other has violated any provision of this Consent Decree, that party will provide written notice (including the relevant sections of this Consent Decree and the factual basis for their belief) to the other party, who shall have 30

calendar days to respond to the notice and/or cure the noncompliance. The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto and, failing any resolution, either party may seek enforcement of this Consent Decree by filing a motion with the court.

**E.    Plaintiffs' Releases, Representations and Warranties**

The terms and conditions in this section are by and between only the plaintiffs and the defendant:

1.    In consideration of the terms set forth in this Consent Decree, the sufficiency of which is hereby acknowledged, each plaintiff does hereby release and forever discharge the defendant and any and all of the defendant's departments or divisions; together with all past and present trustees, officers, employees, agents, insurers, reinsurers, and self-insurance; attorneys and each and every one thereof, from all actions, claims, causes of action, suits, debts, sums of money, controversies, trespasses, and demands whatsoever in law or in equity, including claims for attorneys' fees or costs, that arose before the effective date, and were or could have been asserted in the Complaint.

2.    The plaintiffs certify, represent, and warrant that they are authorized to enter into and consent to the terms and conditions of the Consent Decree and to execute and legally bind the parties to it.

3.    The plaintiffs hereby certify, represent, and warrant that (a) they are the only and lawful owners of the claims and causes of action arising out of the facts giving rise to the allegations described in the action, and (b) they have not assigned or otherwise transferred to any other third party or entity any interest in any claim or cause of action arising out of the facts giving rise to the allegations described in the Action.

4.      Each plaintiff certifies that to the extent she has received Medicare or Medicaid benefits arising out of and/or relating in any manner to the action he or she has provided notice of the action and will provide additional notice of this Consent Decree as mandated by applicable law. Each plaintiff further certifies that he or she will honor such subrogation claims as are ultimately asserted relating to his or her receipt of Medicare and/or Medicaid benefits. Plaintiffs acknowledge that any and all past, present and/or future medical expenses and/or benefits, expenses, reimbursements, liens and/or costs of any kind arising out of and/or relating in any manner to the Action shall be their sole and continuing responsibility and not that of the defendant or its insurer. Each plaintiff further certifies that she will honor any valid subrogation claims that are asserted relating to his or her receipt of non-governmental medical benefits.

5.      The plaintiffs represent and warrant that—other than the complaints filed in this Action—they have filed no other complaints, charges or other claims against the defendant or any of defendant's employees or representatives in any court or administrative or regulatory body (including but not limited to the Oregon Department of Education or the U.S. Department of Education).

6.      The plaintiffs agree that they shall not represent that this Consent Decree or any agreements contained herein are an admission of liability or wrongdoing on the part of the defendant. If the defendant believes that one or more of the plaintiffs has violated this provision, the defendant may seek an order of the court requiring the violating plaintiff(s) to issue a corrective statement, but only after first providing the plaintiff(s) the opportunity to issue a corrective statement within 10 days of receipt of notice of any claimed violation of this provision.

7.     Each of the plaintiffs and the defendant is responsible for its or their own tax implications that may occur to the party or their attorneys in connection with the payment or receipt of funds pursuant to this Consent Decree. The defendant has made no representation regarding the taxability of the payments made to plaintiffs pursuant to this Consent Decree. The defendant will not be liable for any tax consequence to the plaintiffs as a result of the payments made pursuant to this Consent Decree.

8.     The plaintiffs, by their signatures to this Consent Decree, acknowledge and agree that they have carefully read and understood all provisions of this Consent Decree and that they have entered into this Consent Decree knowingly and voluntarily. The plaintiffs acknowledge that they have been represented by their own attorneys, and that they are voluntarily entering into this Consent Decree to resolve the causes of action that were or could have been brought in the Complaints, and that this Consent Decree is agreed to and signed with the intent that it be final, binding, and enforceable. The plaintiffs also acknowledge that they have agreed to settle their claims based on the advice and recommendation of their own attorneys, and that the defendant has not made any representations or advised them as to the terms of this Consent Decree.

9.     Plaintiffs are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the claims that were settled and released in this Consent Decree.

**F.     Miscellaneous**

1.     The court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree.

2.      In consideration of, and consistent with, all the terms of this Consent Decree, the plaintiffs' Complaint shall be dismissed with prejudice and without taxing costs to any party upon termination of this Consent Decree.

3.      Failure of a party to seek enforcement of this Consent Decree pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or any provisions.

4.      All parties to this Consent Decree shall undertake all reasonable and necessary action to facilitate approval of this Consent Decree, including but not limited to jointly petitioning the court for approval.

5.      The court orders that nothing in this Consent Decree shall be construed as an acknowledgement, admission, or evidence of liability of the defendant. The court further orders that nothing in this Consent Decree may be used as evidence of defendant liability by plaintiffs or any other private litigants in any other proceeding

Respectfully submitted,

JOHNSON JOHNSON LUCAS &           BARRAN LIEBMAN LLP
MIDDLETON, PC

By: _____       By: _____
Jennifer J. Middleton, OSB No. 071510   Paula A. Barran, OSB No. 803974
*Attorneys for Plaintiffs*          Richard C. Hunt, OSB No. 680770
                                    *Attorneys for Defendant*

DATE: May 19, 2017                  DATE: 5-22-2017

By: _Nancy Hogshead-Makar_ J. Maker
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

_____
Carli Fawcett
DATE: May 24, 2017

_____
Natalie Branch
DATE:_____

_____
Carrie Moore
DATE:_____

_____
Elspeth Katherine Elizabeth Charno
DATE:_____

_____
Miranda Martin
DATE:_____

_____
Laura Polkinghorn
DATE:_____

_____
Kyra Farr
DATE:_____

_____
Annie Jolliff
DATE:_____

_____
Clara Sims
DATE:_____

_____
Allison Davies
DATE:_____

_____
Julia Di Simone
DATE:_____

_____
Hannah Puckett
DATE:_____

_____
Rachael Christman
DATE:_____

_____
Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar J. Maker_

Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

_____
Carli Fawcett
DATE:_____

_____
Natalie Branch
DATE: 5/26/17

_____
Carrie Moore
DATE:_____

_____
Elspeth Katherine Elizabeth Charno
DATE:_____

_____
Miranda Martin
DATE:_____

_____
Laura Polkinghorn
DATE:_____

_____
Kyra Farr
DATE:_____

_____
Annie Jolliff
DATE:_____

_____
Clara Sims
DATE:_____

_____
Allison Davies
DATE:_____

_____
Julia Di Simone
DATE:_____

_____
Hannah Puckett
DATE:_____

_____
Rachael Christman
DATE:_____

_____
Elizabeth Crowther
DATE:_____

By: _(signature)_ J. Makar

Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

Carli Fawcett
DATE:_____

_(signature)_

Carrie Moore
DATE: 5/25/17

Miranda Martin
DATE:_____

Kyra Farr
DATE:_____

Clara Sims
DATE:_____

Julia Di Simone
DATE:_____

Rachael Christman
DATE:_____

Natalie Branch
DATE:_____

Elspeth Katherine Elizabeth Charno
DATE:_____

Laura Polkinghorn
DATE:_____

Annie Jolliff
DATE:_____

Allison Davies
DATE:_____

Hannah Puckett
DATE:_____

Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar_ (signature)
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

| | |
|---|---|
| Carli Fawcett<br>DATE:_____ | Natalie Branch<br>DATE:_____ |
| Carrie Moore<br>DATE:_____ | Elspeth Katherine Elizabeth Charno<br>DATE: 5/26/17 |
| Miranda Martin<br>DATE: 5/26/17 | Laura Polkinghorn<br>DATE:_____ |
| Kyra Farr<br>DATE:_____ | Annie Jolliff<br>DATE:_____ |
| Clara Sims<br>DATE:_____ | Allison Davies<br>DATE:_____ |
| Julia Di Simone<br>DATE:_____ | Hannah Puckett<br>DATE:_____ |
| Rachael Christman<br>DATE:_____ | Elizabeth Crowther<br>DATE:_____ |

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar J. Maker_
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

Carli Fawcett
DATE:

Carrie Moore
DATE:

Miranda Martin
DATE:

Kyra Farr
DATE:

Clara Sims
DATE:

Julia Di Simone
DATE:

Rachael Christman
DATE:

Natalie Branch
DATE:

Elspeth Katherine Elizabeth Charno
DATE:

Laura Polkinghorn
DATE: 5-25-17

Annie Jolliff
DATE:

Allison Davies
DATE:

Hannah Puckett
DATE:

Elizabeth Crowther
DATE:

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar J. Maker_
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

_____
Carli Fawcett
DATE:_____

_____
Natalie Branch
DATE:_____

_____
Carrie Moore
DATE:_____

_____
Elspeth Katherine Elizabeth Charno
DATE:_____

_____
Miranda Martin
DATE:_____

_____
Laura Polkinghorn
DATE:_____

_____
Kyra Farr
DATE: 5/22/17

_____
Annie Jolliff
DATE:_____

_____
Clara Sims
DATE:_____

_____
Allison Davies
DATE:_____

_____
Julia Di Simone
DATE:_____

_____
Hannah Puckett
DATE:_____

_____
Rachael Christman
DATE:_____

_____
Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _Nancy Hogshead-Maker_ J. Maker

Nancy Hogshead-Maker, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

Carli Fawcett
DATE:_____

Natalie Branch
DATE:_____

Carrie Moore
DATE:_____

Elspeth Katherine Elizabeth Charno
DATE:_____

Miranda Martin
DATE:_____

Laura Polkinghorn
DATE:_____

_Annie Jolliff_
Annie Jolliff
DATE: 5/25/17

Kyra Farr
DATE:_____

Clara Sims
DATE:_____

Allison Davies
DATE:_____

Julia Di Simone
DATE:_____

Hannah Puckett
DATE:_____

Rachael Christman
DATE:_____

Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _(signature)_ Maker
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

Carli Fawcett
DATE:_____

Natalie Branch
DATE:_____

Carrie Moore
DATE:_____

Elspeth Katherine Elizabeth Charno
DATE:_____

Miranda Martin
DATE:_____

Laura Polkinghorn
DATE:_____

Kyra Farr
DATE:_____

Annie Jolliff
DATE:_____

_(signature)_
Clara Sims
DATE: 5 - 23 - 17

Allison Davies
DATE:_____

Julia Di Simone
DATE:_____

Hannah Puckett
DATE:_____

Rachael Christman
DATE:_____

Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar J. Makar_
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

## FOR PLAINTIFFS:

Carll Fawcett
DATE:

Natalie Branch
DATE:

Carrie Moore
DATE:

Elspeth Katherine Elizabeth Charno
DATE:

Miranda Martin
DATE:

Laura Polkinghorn
DATE:

Kyra Farr
DATE:

Annie Jolliff
DATE:

Clara Sims
DATE:

Allison Davies
DATE: 5|30|2017

Julia Di Simone
DATE:

Hannah Puckett
DATE:

Rachael Christman
DATE:

Elizabeth Crowther
DATE:

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar_

Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

| | |
|---|---|
| Carli Fawcett<br>DATE:_____ | Natalie Branch<br>DATE:_____ |
| Carrie Moore<br>DATE:_____ | Elspeth Katherine Elizabeth Charno<br>DATE:_____ |
| Miranda Martin<br>DATE:_____ | Laura Polkinghorn<br>DATE:_____ |
| Kyra Farr<br>DATE:_____ | Annie Jolliff<br>DATE:_____ |
| Clara Sims<br>DATE:_____ | Allison Davies<br>DATE:_____ |
| Julia Di Simone<br>DATE: 23 May 2017 | Hannah Puckett<br>DATE:_____ |
| Rachael Christman<br>DATE:_____ | Elizabeth Crowther<br>DATE:_____ |

15 – CONSENT DECREE

By: _Nancy Hogshead-Makar_ J. Makar

Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

Carli Fawcett
DATE:_____

Natalie Branch
DATE:_____

Carrie Moore
DATE:_____

Elspeth Katherine Elizabeth Charno
DATE:_____

Miranda Martin
DATE:_____

Laura Polkinghorn
DATE:_____

Kyra Farr
DATE:_____

Annie Jolliff
DATE:_____

Clara Sims
DATE:_____

Allison Davies
DATE:_____

Julia Di Simone
DATE:_____

Hannah Puckett
DATE: 5/30/17

Rachael Christman
DATE:_____

Elizabeth Crowther
DATE:_____

15 – CONSENT DECREE

By: _[signature]_ J. Makar

Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

_____
Carli Fawcett
DATE:_____

_____
Carrie Moore
DATE:_____

_____
Miranda Martin
DATE:_____

_____
Kyra Farr
DATE:_____

_____
Clara Sims
DATE:_____

_____
Julia Di Simone
DATE:_____

_[signature]_
Rachael Christman
DATE: 5/28/2017

_____
Natalie Branch
DATE:_____

_____
Elspeth Katherine Elizabeth Charno
DATE:_____

_____
Laura Polkinghorn
DATE:_____

_____
Annie Jolliff
DATE:_____

_____
Allison Davies
DATE:_____

_____
Hannah Puckett
DATE:_____

_____
Elizabeth Crowther
DATE:_____

By: _Nancy Hogshead-Makar_
Nancy Hogshead-Makar, Pro Hac Vice
*Attorneys for Plaintiffs*

DATE: 5-19-17

**FOR PLAINTIFFS:**

| | |
|---|---|
| _____ | _____ |
| Carli Fawcett | Natalie Branch |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _____ |
| Carrie Moore | Elspeth Katherine Elizabeth Charno |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _____ |
| Miranda Martin | Laura Polkinghorn |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _____ |
| Kyra Farr | Annie Jolliff |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _____ |
| Clara Sims | Allison Davies |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _____ |
| Julia Di Simone | Hannah Puckett |
| DATE:_____ | DATE:_____ |
| | |
| _____ | _Elizabeth Crowther_ |
| Rachael Christman | Elizabeth Crowther |
| DATE:_____ | DATE: 5/31/2017 |

15 – CONSENT DECREE

**FOR DEFENDANT:**

Stephen Thorsett, President
Willamette University

DATE: 1 June 2017

IT IS SO ORDERED.

DATED this 5 day of June , 2017.

Michael J. McShane
United States District Judge